QUESTIONS: 1. May a municipality or board of county commissioners require building permits and inspections on school construction projects within their respective jurisdictions? 2. May a public utility company require that school construction projects meet local building codes or ordinances prior to furnishing utility services to a school construction project?
SUMMARY: Under the provisions of amended s. 235.26, F.S. (1974 Supp.), neither a board of county commissioners nor a municipality can require issuance of local building permits or require inspections of school construction projects after July 1, 1974. Likewise, a public utility has no authority to require a school construction project to acquire such local building permits or inspections before supplying electrical or other utility services to a school construction project. The responsibility for compliance with regulations and building standards as set forth in Ch. 235, F.S., rests with the district school board acting pursuant to the provisions of the Educational Facilities Construction Act, Ch. 74-374, Laws of Florida. Under Ch. 235, F. S., entitled "The School Plant," the State Board of Education was required by the legislature to prescribe regulations providing for minimum construction standards applicable to school building construction. The regulations and standards so prescribed had the effect and force of law, and were to "be followed in the construction of all school buildings." Section 235.26(1), F.S. It is generally recognized that property of the state is exempt from county and municipal regulation unless the state has waived or delegated its right to regulate its own property. See generally, 62 C.J.S. Municipal Corporations s. 157; 47 Am.Jur.2d. States s. 66, p. 463. Regarding school construction, this office has in the past consistently held that neither county nor municipal building departments have the legal authority to superimpose their building codes over, or otherwise interfere with, the state's own building code for the construction of schools. See AGO's 058-119, 062-41, 065-81, 071-75, 071-233, and 071-367. The legislature by the enactment of Ch. 74-374, to be known as the "Educational Facilities Construction Act" or the "Murray H. Dubbin Act," has substantially amended and revised the provisions of Ch. 235, F.S. With particular attention to s. 9 of the act, which amends s. 235.26, F.S., s. 235.26 now provides that: The state uniform building code for public educational facilities construction shall have the force and effect of law and shall supersede any other code adopted by a local school board or any other building code or ordinance for the construction of educational facilities, whether at the local, county or state level, and whether adopted by administrative regulation or legislative enactment. All special acts or general laws of local application are hereby repealed to the extent that they conflict with this section. After July 1, 1974, pursuant to section 11(a) (21) of article III of the state constitution, there shall not be enacted any special act or general law of local application which proposes to amend, alter, or contravene any provisions of the state building code for school construction adopted under the authority of this section. (Emphasis supplied.) In regard to the possible coercive action on the part of public utilities to require school authorities to mandatorily submit to municipal or county building or electrical inspections for approval prior to furnishing electrical service to a school construction project, they have no authority to demand such submission. As stated in AGO 071-75, which dealt directly with the applicability of the Florida Electrical Code to state buildings, "buildings constructed for the state or a state agency pursuant to the approval of the department of general services are not subject to a county or municipal electrical code." (Emphasis supplied.) Under s. 553.20, F.S., it is the responsibility of the various "state governing bodies" as well as municipalities and counties to equally enforce the electrical code. However, amended s. 235.26, F.S., clearly indicates that the responsibility for electrical code compliance for public school construction projects will be covered by the uniform building code for public educational facilities. This authority further applies to other construction items, including but not limited to plumbing, heating, and air conditioning systems of a school construction project. See s. 235.26(1)(c), supra. Though a school district is authorized to "utilize local department inspectors," the legislature requires that such inspectors shall be certified by the "office of educational facilities construction" which is a part of the Commissioner of Education's staff organization. See s. 9, Ch. 74-374, supra. The effective date of s. 9, amending s. 235.26, F.S., is July 1, 1974. Since that date, any problems which heretofore arose between local governmental agencies and district school boards regarding the imposition of local building codes, permitting, and inspection authority were rendered moot by the provisions of amended s. 235.26. Your questions are accordingly answered in the negative.